# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **2:09-CR-00358-SLB-JHE-1** |
| ) | |
| **ALONZO LANARD BURRELL,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on a *pro se* motion filed by Defendant Alonzo Lanard Burrell seeking early release from prison because his mother is ill and because of the current COVID-19 pandemic. (Doc. 58).[1] Although Mr. Burrell does not state a statutory basis for his request, the court construes the motion as seeking compassionate release under 18 U.S.C. § 3582(c).

As background, a jury convicted Mr. Burrell of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), in 2010. (Doc. 36). This court sentenced Mr. Burrell to 120 months' imprisonment. (Doc. 45). Mr. Burrell is currently incarcerated at USP Pollock; his release date is scheduled for September 19, 2021. *See* https://www.bop.gov/inmateloc/.

In his motion, Mr. Burrell requests that he either be released or be put on

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

home confinement as soon as possible because his mother has asthma, diabetes, and high blood pressure. (Doc. 58 at 1). He states that, if his mother gets COVID-19, she likely will not survive. Mr. Burrell also asserts that he has completed many educational courses while incarcerated. Additionally, Mr. Burrell filed a supplement to his original motion, in which he reasserts his concerns for his mother's health and states that he would like to be with her because of the surge in COVID-19 cases. (Doc. 60). He also states that COVID-19 has reached his correctional institution and says he does not believe "it is fully contained." (*Id.* at 2).

As an initial matter, to the extent that Mr. Burrell seeks to be placed in home confinement without a sentence reduction, the court lacks the authority to make that decision. The Bureau of Prisons has exclusive authority to designate the place of an inmate's detention, including whether to place the inmate in home confinement. *United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973, at *1 (N.D. Ala. Apr. 22, 2020). So, the court cannot grant Mr. Burrell home confinement for the remainder of his sentence.

The court also finds that Mr. Burrell has not shown entitlement to a reduction in sentence. Section 3582, as amended by the First Step Act, states that courts generally cannot alter or modify a term of imprisonment after its imposition, but the court can reduce an inmate's term of imprisonment upon a motion for

sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has exhausted administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  Here, Mr. Burrell gives no indication that he has exhausted his administrative remedies at his correctional institution.

Even if Mr. Burrell has exhausted his administrative remedies, he still has not shown that he qualifies for a sentence reduction.  Where a prisoner has exhausted his administrative remedies, the court can only grant a reduction in sentence where the prisoner shows that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Mr. Burrell has not shown "extraordinary and compelling reasons" warranting a reduction in sentence under § 3582.  *See* 18 U.S.C. § 3582(c)(1)(A).  Mr. Burrell primarily asks for compassionate release because of his mother's health.  The applicable policy statement for § 3582 does include a provision in which family circumstances can qualify as extraordinary and compelling reasons warranting sentence reduction, but those circumstances relate to a prisoner's children or spouse, not a parent.  U.S.S.G. § 1B1.13, application note 1(C).  Thus, they do not apply here.  Further, Mr. Burrell's general concern about COVID-19 at his prison also does not provide a basis for reducing his sentence.  "General concerns about possible exposure to COVID-19 do not meet

the criteria for extraordinary and compelling reasons for a reduction in sentence as set forth in the Sentencing Commission's policy statement on compassionate release." *Kelley v. United States*, No. 416CR00030LSCHNJ1, 2020 WL 5073970, at *4 (N.D. Ala. Aug. 5, 2020).  Therefore, Mr. Burrell has not shown that early release would be consistent with the applicable policy statement; so, he does not qualify for a sentence reduction under § 3582(c).  *See* 18 U.S.C. § 3582(c)(1)(A).

Accordingly, Mr. Burrell's motion for home confinement or a sentence reduction, (doc. 58), is **DENIED**.

**DONE** and **ORDERED** this 4th day of November, 2020.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE